IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LEONARD O'NEAL DOUGLAS | : | |
| v. | : | CIVIL ACTION NO. PJM-06-2486 |
| MEDICAL DEPARTMENT | : | |

### **MEMORANDUM**

On September 25, 2006, Plaintiff Leonard O'Neal Douglas, presently confined at Spring Grove Hospital Center ["Spring Grove"],[1] filed a civil rights action pursuant to 42 U.S.C. §1983, seeking unspecified relief and complaining that the sole nurse assigned to ensure that patients take their medications is overwhelmed and is not encouraged by her supervisor to do a good job. Plaintiff states this situation exists because of his previous litigation against Spring Grove staff. Although he has not paid the full filing fee or filed an affidavit of indigency, Plaintiff, who has been confined more than two decades, will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

Plaintiff does not allege that he has personally been affected because other patients may not be administered their medications properly. He lacks standing to assert this claim on behalf of fellow patients. *See* I*nmates v. Owens*, 561 F.2d 560, 562 (4th Cir. 1977). Given this lack of standing, the Court will enter a separate Order dismissing this action without requiring a response by medical personnel pursuant to 28 U.S.C. § 1915(e). This is Plaintiff's first dismissal

---

[1] On January 30, 1980, Plaintiff was committed to the Maryland Department of Health & Mental Hygiene ["DHMH"] and sent to the Clifton T. Perkins Hospital Center for inpatient care and treatment after he was found not guilty by reason of insanity on a charge of assault with intent to murder. In 1984, he was released from inpatient care subject to court-imposed conditions. On March 15, 1988, Plaintiff was returned to Perkins after he was found not criminally responsible on another charge of assault with intent to murder.

under Section 1915(e).  Plaintiff may be barred from filing future suits in forma pauperis as a result of these dismissals.[2]  A separate Order shall be entered reflecting the opinion set forth herein.

                                          /s/
                          PETER J. MESSITTE
            UNITED STATES DISTRICT JUDGE

---

[2]     28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As the Court interprets this provision of the statute  (the relevant portions of which are also known as the "Prison Litigation Reform Act" or "PLRA"), once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions in forma pauperis, absent extraordinary circumstances.